851 So.2d 861 (2003)
Gary Dale BURTON, Appellant,
v.
Michelle R. BURTON, Appellee.
No. 5D02-3014.
District Court of Appeal of Florida, Fifth District.
August 8, 2003.
Stephen M. Brewer, Titusville, for Appellant.
James R. Dressler, Cocoa Beach, for Appellee.
PLEUS, J.
The former husband appeals from an order enforcing final judgment/judgment for the former wife, raising two issues. We find merit only as to the second issue.
The trial court correctly ordered the former husband to pay $22,945.58 occasioned by his failure to timely pay the $64,950.00 equitable distribution award from his IRA account. The former husband's argument that the former wife became owner of the IRA upon recording of the final judgment of dissolution and must suffer any losses sustained by the account occurring after that date is entirely without merit.
The final judgment of dissolution did not award the IRA to the former wife, but rather awarded the former wife the sum of $64,950.00 which was payable from said account. Whether the account value increased or decreased prior to payment of said sum, the former wife was entitled to *862 $64,950.00. The final judgment of dissolution did not vest legal title in the IRA to the former wife because the court did not award the account to her. Under the terms of the dissolution decree, legal title to the IRA remained at all times in the former husband.
At the hearing where the court orally announced the terms of the dissolution decree, counsel recognized that insofar as the IRA is concerned, the account holder would require both parties to execute a document instructing transfer of the $64,950. The former husband asserts that the dissolution decree did not order him to take any action to direct a transfer of the funds to the former wife. While this is true, the decree clearly awards the sum to the former wife as part of the equitable distribution of the marital assets and the court expressly reserved "jurisdiction to enter such orders which may be necessary to implement." The former husband had legal title to the account and as such should have directed transmittal of the $64,950.00 to the former wife in accordance with the dissolution decree. Having failed to voluntarily transfer the fixed sum to the former wife in a timely manner, the former husband was taking the risk that if his IRA investment plummeted in value below $64,950.00 (as it did following the events of September 11, 2001), he would have to make up the resulting deficiency. The former husband cannot complain that the trial court did what it had indicated it would do, enter an order implementing the terms of dissolution decree. The former husband is seeking to be rescued from what turned out to be a poor decision on his part.
As to the second point, the former husband claims the final judgment/judgment for petitioner improperly assessed interest and the former wife concedes that it was error for the court to award interest of $537.49. The final judgment should be corrected to find that the principal balance remaining due the former wife is $22,945.58 with interest at nine percent per annum from May 13, 2002, the date the former husband transferred the $49,725.28 in the IRA account to the former wife.[1]
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR ENTRY OF CORRECTED FINAL ORDER.
SAWAYA, C.J., and SHARP, W., J., concur.
NOTES
[1] The trial court awarded interest at ten percent per annum on the $64,950.00 from March 6, 2001, the date of the dissolution decree, until the date of the transfer which occurred on May 13, 2002. Interest for this period totaled $7,720.86. The wife received the partial payment of $49,725.28 and applied $7,720.86 of this to interest and the balance of $42,004.42 to principal, leaving the unpaid principal balance due of $22,945.58.